UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

Case No. 07-14390-CIV-MOORE/LYNCH

DEE DEE OLSEN,

    Plaintiff,

vs.

RT WEST PALM BEACH FRANCHISE,
LTD., and RUBY TUESDAY, INC.,

    Defendants,
_____/

**ORDER GRANTING IN PART DEFENDANTS' MOTIONS TO DISMISS**

THIS CAUSE came before the Court upon Defendant RT West Palm Beach Franchise LTD's Motion to Dismiss Amended Complaint (dkt # 18) and Defendant Ruby Tuesday, Inc.'s Motion to Dismiss Amended Complaint (dkt # 20).

UPON CONSIDERATION of the Motion, the Responses, the pertinent portions of the record, and being otherwise fully advised in the premises, the Court enters the following Order.

## I.    BACKGROUND

On November 4, 2003, Plaintiff Dee Dee Olsen ("Olsen") was eating at Ruby Tuesday, located at 1500 N.W. Courtyard Circle, St. Lucie West, Port St. Lucie, Florida. During the meal, Olsen began breastfeeding her infant daughter. Linda Biro ("Biro"), the manager, asked Olsen to continue breastfeeding in the public restroom or leave the restaurant. Olsen subsequently filed a six-count complaint in state court seeking equitable relief and damages. Defendants filed a notice of removal on December 18, 2007 (dkt # 1), and filed an Amended Complaint on February 19, 2008 (dkt # 12). The parties agree that the first three counts for injunctive relief and loss of consortium should be dismissed. The remaining counts consist of negligent infliction of emotional distress

(Count IV), intentional infliction of emotional distress (Count V), and vicarious liability (Count VI).

## II.  STANDARD OF REVIEW

A motion to dismiss for failure to state a claim merely tests the sufficiency of the complaint; it does not decide the merits of the case. Milburn v. United States, 734 F.2d 762, 765 (11th Cir. 1984). On a motion to dismiss, the Court must accept the factual allegations as true and construe the complaint in the light most favorable to the plaintiff. SEC v. ESM Group, Inc., 835 F.2d 270, 272 (11th Cir. 1988). "Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007). A complaint must contain enough facts to indicate the presence of the required elements. Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1302 (11th Cir. 2007). "[C]onclusory allegations, unwarranted deductions of fact or legal conclusions masquerading as facts will not prevent dismissal." Oxford Asset Mgmt., Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002). However, as long as the allegations rise above a speculative level, a well-pleaded complaint will survive a motion to dismiss "'even if it appears that a recovery is very remote and unlikely.'" Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (*overruled on other grounds by* Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1959-60 (2007) (citation omitted)).

## III.  ANALYSIS

### A. Negligent Infliction of Emotional Distress

Under Florida law,

> [T]he prerequisites for recovery for negligent infliction of emotional distress differ depending on whether the plaintiff has or has not suffered a physical impact from an external force. . . . If . . . the plaintiff has not suffered an impact, the complained-of mental distress must be "manifested by physical injury," the plaintiff must be "involved" in the incident by seeing, hearing, or arriving on the scene as the traumatizing event occurs, and the plaintiff must suffer the complained-of mental distress and accompanying physical impairment "within a short time" of the incident.

Willis v. Gami Golden Glades, LLC, 967 So.2d 846, 873 (Fla. 2007) (quoting Eagle-Picher Indus., Inc. v. Cox, 481 So.2d 517, 526 (Fla. 3d DCA 1985). For pleading purposes, Plaintiff satisfies the second and third elements because she was present during the allegedly tortious act, and the allegations indicate that the resulting harm commenced soon after the incident transpired.

With respect to the first prong, manifestation of physical injury, Plaintiff alleges that she "was prevented from performing her normal daily activities," and that she experienced "physical manifestations of emotional distress" and "physical anxiety." Am. Compl. at ¶ 29. A person may be prevented from performing normal daily activities by a myriad of causes, emotional or physical. Without more, such a statement is insufficient to factually plead the requisite manifestation of physical injury. Furthermore, an assertion of "physical manifestations of emotional distress" is conclusory because it is merely a recitation of a required element of the cause of action and is devoid of any facts concerning the nature of the physical injury. It is therefore a legal conclusion masquerading as fact and is insufficient to adequately plead manifestation of physical injury. See Oxford, 297 F.3d at 1188.

Plaintiff also alleges that she experienced "physical anxiety." Physical manifestations of anxiety may include muscle tension, difficulty sleeping, and gastrointestinal discomfort or diarrhea. Anxiety Disorders Ass'n of America, http://www.adaa.org/GettingHelp/AnxietyDisorders/GAD.asp (last visited April 9, 2008). Plaintiff's assertion that she experienced "physical anxiety," although vague, is sufficient to adequately allege manifestation of physical injury. See Food Fair Stores of Fla., Inc. v. Macurda, 93 So.2d 860, 861 (Fla. 1957) (finding that plaintiffs who found worms in their spinach and suffered vomiting and abdominal pains satisfied the manifestation of physical injury

requirement). Therefore, Plaintiff has sufficiently alleged a claim for negligent infliction of emotional distress.

B. Intentional Infliction of Emotional Distress

Under Florida Law, the elements for intentional infliction of emotional distress are: "(1) deliberate or reckless infliction of mental suffering by defendant; (2) by outrageous conduct; (3) which conduct of the defendant must have caused the suffering; and (4) the suffering must have been severe." Ball v. Heilig-Meyers Furniture Co., 35 F. Supp.2d 1371, 1376 (M.D.Fla. 1999) (citing Metro. Life Ins. Co. v. McCarson, 467 So.2d 277 (Fla. 1985). "While there is no exhaustive or concrete list of what constitutes outrageous conduct, Florida common law has evolved an extremely high standard. Merrick v. Radisson Hotels Int'l, Inc., 06-cv-01591-T-24TGW (SCB), 2007 WL 1576361, at *4 (M.D.Fla. May 30, 2007).

"Liability has been found only where the conduct has been so outrageous in character . . . as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Metro. Life Ins. Co., 467 So.2d at 278-79. See Merrick, 2007 WL 1576361, at *5 (granting motion to dismiss despite allegations that defendant frequently touched plaintiffs buttocks, hips and breasts, commented about the size of his penis and said he wanted to show it to her); Helig-Myers Furniture Co., 35 F. Supp.2d at 1376 (granting motion to dismiss despite allegations that defendant rubbed his penis against plaintiff's buttocks, made suggestive comments to her while she was breastfeeding, and tried to touch her breasts); Blount v. Sterling Healthcare Group, 934 F. Supp. 1365, 1370-71 (S.D.Fla. 1996) (granting motion to dismiss despite allegations that defendant repeatedly rubbed plaintiff's breasts and made sexually explicit comments to her); Howry v. Nisus, Inc., 910 F. Supp. 576, 580 (M.D.Fla. 1995) (granting motion to dismiss

4

despite allegations that defendant forced plaintiff to listen to explicit phone calls, commented on the size of his penis, forced her to view a suggestive doll, and inappropriately touched himself and others). Given the allegations in the complaint and the difficulty of stating a claim for intentional infliction of emotional distress, this Court finds that there is no possibility that Olsen can prevail on this claim.

### C. Vicarious Liability

Defendant RT West Palm Beach Franchise, Inc. ("RT West") concedes it would be vicariously liable for any tortious conduct by Biro, but disputes that any such conduct occurred. Defendant Ruby Tuesday, Inc. ("Ruby Tuesday") contends it cannot be vicariously liable because at the time of the incident, the restaurant was a franchise and Ruby Tuesday had no control over its employees or operations. This assertion is supported by a Declaration of Richard Flaherty (dkt # 21-2). However, on a motion to dismiss for failure to state a claim, all allegations must be taken as true. Plaintiff alleges that Biro was under the control of RT West and Ruby Tuesday at the time of the incident. Am. Compl. at ¶ 36. Therefore, the assertion of vicarious liability as to both Defendants is sufficient to survive a motion to dismiss. Ruby Tuesday may present its arguments with supporting affidavits on a motion for summary judgment.

## IV. CONCLUSION

For the foregoing reasons, it is

ORDERED AND ADJUDGED that Defendant RT West Palm Beach Franchise LTD's Motion to Dismiss Amended Complaint (dkt # 18) and Defendant Ruby Tuesday, Inc.'s Motion to Dismiss Amended Complaint (dkt # 20) are GRANTED with respect to Counts I, II, and III and V. It is further

ORDERED AND ADJUDGED that Defendant RT West Palm Beach Franchise LTD's Motion to Dismiss Amended Complaint (dkt # 18) and Defendant Ruby Tuesday, Inc.'s Motion to Dismiss Amended Complaint (dkt # 20) are DENIED with respect to Counts IV and VI.

DONE AND ORDERED in Chambers at Miami, Florida, this 11th day of April, 2008.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc:   All Counsel of Record